THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BEST START INTERNATIONAL LIMITED,

                         Plaintiff,              Case No.

  -against-                                            COMPLAINT

TRIOMPHE HOSPITALITY GROUP INC.,

                         Defendant.

------------------------------------------------------------------X

**COMPLAINT FOR BREACH OF CONTRACT FOR GOODS SOLD AND DELIVERED, *QUANTUM MERUIT*, UNJUST ENRICHMENT AND RECOVERY OF GOOD**

Plaintiff, Best Start International Limited, by its attorney, Joel Braziller, as and for its complaint against the defendant, Triomphe Hospitality Group Inc., alleges as follows:

### PARTIES

1. Plaintiff is a foreign corporation, incorporated in and with its principal place of business in Hong Kong, a special administration region in the People's Republic of China, with no place of business in the State of New York.

2. Upon information and belief, Defendant, Triomphe Hospitality Group, Inc., is a New York corporation with its principal office in the County, City and State of New York.

### JURISDICTION AND VENUE

3. Plaintiff is a citizen of the People's Republic of China for purposes of diversity of jurisdiction under 28 U.S.C. §1332.

4. Defendant is a citizen of the State of New York for purposes of diversity of jurisdiction under 28 U.S.C. §1332.

5. This Court has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. §1332 as there exists complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

6. Defendant is subject to the jurisdiction of this Court pursuant to 28 U.S.C. §132, with proper venue pursuant to 28 U.S.C. §1391, as Defendant resides in and is domiciled in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### AS AND FOR A FIRST CAUSE OF ACTION, BASED ON BREACH OF CONTRACT FOR GOODS SOLD AND DELIVERED

7. At all times mentioned herein, Plaintiff was and still is a corporation engaged in the manufacturing, production and sale of leisure wear clothing.

8. Upon information and belief, at all times mentioned herein, Defendant was a corporation engaged in the importation and wholesale sale of leisure wear clothing.

9. On or about June 26, 2018, Plaintiff and Defendant entered into a contract with each other (the "Contract") pursuant to which Defendant ordered from Plaintiff and Plaintiff agreed to cause to be manufactured and delivered to Defendant a total of 72,000 units of ladies jeans pants, in various styles and colors (the "Goods"), all as set forth in Defendant's purchase order, #T62618, a copy of which is annexed hereto as Exhibit 1 (the "Purchase Order"), and in accordance with specifications for the Goods provided to Plaintiff by Defendant.

10. The Contract arose under and is governed by the laws of the State of New York.

11. Plaintiff caused the Goods to be manufactured and, on or about December 10, 2018 and December 11, 2018, caused the Goods to be delivered to Defendant's designated warehouse in the State of New Jersey.

12. The Goods complied in all respects with the Purchase Order and the Contract, including, but not limited to, the specifications for the Goods provided by Defendant to Plaintiff, the number of units for the various styles, colors and quality of the materials used and the size, design, fit and labeling specifications, within limits of variance acceptable in the garment industry in New York.

13. Defendant received and accepted the Goods at its New Jersey warehouse as aforesaid without making a timely complaint to Plaintiff regarding the Goods.

14. Plaintiff, prior to delivery of the Goods to Defendant as aforesaid, provided Defendant with two invoices for the Goods, with enumerated charges totaling $557,719.80, copies of which invoices are annexed hereto collectively as Exhibit 2.

15. Under the agreed-to terms of the Purchase Order, Defendant was required to pay Plaintiff in full for the Goods within 15 days of delivery, or by December 26, 2018.

16. At the request of Defendant, Plaintiff extended said deadline for payment an additional 15 days, to January 10, 2019.

17. Defendant has failed to date to pay any part of the total sum and agreed-to amount of $557,719.80 due and owing from Defendant to Plaintiff for the Goods, except to have tendered the sum of $5,000 in payment, which tender Plaintiff rightfully rejected as insufficient.

18. Defendant is justly indebted to Plaintiff in the total sum of $557,719.80, plus interest from January 10, 2019, for Defendant's failure to pay for the Goods in breach of the Contract.

### AS AND FOR A SECOND, ALTENATIVE, CAUSE OF ACTION, BASED ON THE THEORY OF *QUANTUM MERUIT*

19. Plaintiff repeats and realleges the allegations set forth in paragraphs "1 " through "17" of the Complaint.

20. The reasonable value of the Goods sold and delivered by Plaintiff to Defendant, as set forth hereinabove, is $557,719.80.

21. Defendant is justly indebted to Plaintiff in the sum of $557,719.80, plus interest from January 10, 2019, for Defendant's failure to pay for the Goods on the legal theory *of quantum meruit*.

## BASED ON THE THEORY OF *UNJUST ENRICHMENT*

22. Plaintiff repeats and realleges the allegations set forth in paragraphs "1 " through "17" and in paragraph "20" of the Complaint.

23. Defendant will be unjustly enriched if not required to pay Plaintiff the sum of $557,71980, plus interest from January 10, 2019, for the Goods.

## AS AND FOR AS FOURTH, ALTERNATIVE, CAUSE OF ACTION FOR RETURN OF THE GOODS, UNDER ARTICLE 2 OF THE UNIFORM COMMERCIAL CODE

24. Plaintiff repeats and realleges the allegations set forth in paragraph "1" through "17" of the Complaint.

25. Defendant received and accepted the Goods, as set forth hereinabove, and pursuant to the Uniform Commercial Code as adopted by the State of New York ("UCC") and the common law of the State of New York.

26. Defendant received and accepted the Goods and thereafter did not make a timely complaint regarding same.

27. Defendant thereafter wrongly rejected the Goods, claiming that the Goods did not meet the specifications of the contract for the Goods.

28. Defendant's rejection of the Goods was wrongful under UCC Section 2–602 and the common law of the State of New York.

29. Defendant failed to particularize any defects in the Goods in support of Defendant's rejection of the Goods, in violation of UCC Section 2–605 and the common law of the State of New York.

30. Defendant failed to effectively revoke Defendant's prior acceptance of the Goods in the manner required by UCC Section 2–608 and the common law of the State of New York.

31. Plaintiff is entitled to the return of the Goods in the condition in which they were provided, including, but not limited to, in the original packaging, and the cost of shipment of the Goods back to Plaintiff.

## REQUEST FOR RELIEF

Wherefore, Plaintiff is entitled to a judgment against Defendant:

A. On the first, second and third alternative causes of action, in the sum of $557,719.80, plus interest from January 10, 2019; and

B. On the fourth alternative cause of action for the return of the Goods in the condition in which they were provided, including, but not limited to, in the original packaging, and the cost of shipment of the Goods back to Plaintiff;

C. All together with Plaintiff's costs and disbursements and reasonable attorney's fees of this action; and

D. Such other and further relief as the Court may deem just and proper.

Dated: March 20, 2019                              Respectfully submitted,

_____
Joel Braziller
SDNY Bar Code JB5887
Attorney for Plaintiff
277 Broadway, Suite 701
New York, NY 10007
Telephone (212) 406-0734
joelbraziller@gmail.com